## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*: Defendants Williams-Sonoma, Inc., *et al.*'s Subpoena to Capital One Bank (USA) N.A. <br><br> c/o Capital One Bank (USA) N.A. <br> 8000 Towers Crescent Drive, 16th Floor <br> Vienna, VA 22182 | Misc. Case No. |
| WILLIAM RUSHING, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAMS-SONOMA, INC., *et al.*, <br><br> Defendants. | Northern District of California Case No.: 3:16-cv-01421-WHO |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH, OR ALTERNATIVELY FOR A PROTECTIVE ORDER AGAINST, DEFENDANTS' SUBPOENA TO CAPITAL ONE BANK (USA) N.A.

Patrick A. Malone
D.C. Bar No. 397142
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street, NW, Suite 800
Washington, DC 20005
Telephone: (202) 742-1500
Fax: (202) 742-1515
Email: pmalone@patrickmalonelaw.com

*[Additional counsel on signature page]*

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................1

BACKGROUND .................................................................................................................2

    A.    The Scope of the California Case ...........................................................................2

    B.    Williams-Sonoma's Subpoena to Capital One ........................................................3

    C.    Mr. Rushing Already Produced the Banking Statements Reflecting His
            Williams-Sonoma Bedding Purchase at Issue ..........................................................4

    D.    Mr. Rushing Formally Objected to the Subpoena ...................................................5

ARGUMENT .......................................................................................................................6

I.     Legal Standard .............................................................................................................6

II.    The Subpoena to Capital One Should be Quashed .............................................................7

    A.    Mr. Rushing Has Standing to Challenge the Subpoena ...........................................7

    B.    The Subpoena is Overbroad as to Time and Primarily Seeks Irrelevant
            Information .........................................................................................................8

    C.    The Subpoena was Premature .................................................................................9

    D.    Williams-Sonoma's Subpoena Seeks Discovery of Information That Is
            Already Known to Williams-Sonoma .....................................................................10

    E.    The Subpoena Is Deficient Under Fed. R. Civ. P. 45(a)(4) Because it Was Not
            Served on Mr. Rushing Before It was Served on Capital One ................................10

III.   Alternatively, the Subpoena Should be Modified to Comply with Rule 26 ........................11

REQUEST FOR ATTORNEYS' FEES .................................................................................13

CONCLUSION ..................................................................................................................13

Pursuant to Federal Rules of Civil Procedure 45(c)(3), 26(b)(1), 26(c), and Local Rule 7, Plaintiff William Rushing, by undersigned counsel, submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Quash, or alternatively for a Protective Order against, Defendants' Subpoena to Capital One Bank (USA) N.A.[1]

## INTRODUCTION

Instead of requesting Mr. Rushing's banking documents directly from him, Defendants Williams-Sonoma, Inc.; Williams-Sonoma DTC, Inc.; and Williams-Sonoma Advertising, Inc. (collectively, "Williams-Sonoma") served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") to non-party Capital One Bank (USA) N.A. ("Capital One"). *See* Eck Decl., Ex. 1.[2] The Subpoena should be quashed for several reasons.

First, Williams-Sonoma failed to serve Plaintiff with notice of the Subpoena before serving it on Capital One as required by Rule 45(a)(4). Second, the Subpoena is overbroad as to time and should be quashed because it seeks almost seven (7) years of banking records from Mr. Rushing's credit cards in a case stemming from a single purchase of bedding. Third, the Subpoena is overbroad and should be quashed because it primarily seeks information that is not relevant to any of Mr. Rushing's claims or Williams-Sonoma's defenses, but rather is a fishing expedition to find potential defenses. Fourth, the Subpoena is improper because Williams-Sonoma never sought the bulk of the subpoenaed documents from Mr. Rushing before turning to the third-party. Finally, the Subpoena's target documents are not highly important to the case, as Williams-Sonoma's own

---

[1] Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), Plaintiff files this motion in this Court as the court for the district where compliance is required.

[2] A true and correct copy of the Notice of Subpoena Plaintiff received from Williams-Sonoma is attached as Exhibit 1 to the Declaration of Amber L. Eck in Support of William Rushing's Motion to Quash Defendants Williams-Sonoma, Inc., *et al*.'s Subpoena to Capital One Bank (USA) N.A., Or, In the Alternative, for a Protective Order ("Eck Decl." or "Eck Declaration").

records establish that Mr. Rushing ordered and received the bedding at issue. For these reasons and the reasons set forth below, this Court should order the Subpoena quashed.

In the alternative, if this Court does not quash the subpoena, Mr. Rushing moves this Court for a protective order protecting his personal private information by limiting the scope of the Subpoena to the relevant documents; namely, the two Capital One credit card statements showing Mr. Rushing's purchase of Williams-Sonoma sheets and the corresponding checking account statements showing payment of those credit card statements, all in redacted form other than the relevant transactions concerning the Williams-Sonoma purchase. Mr. Rushing also requests relief in the form of reasonable attorneys' fees, pursuant to Fed. R. Civ. P. 45(d)(1).

Mr. Rushing's California counsel, Amber Eck, and Arizona counsel, Kathryn Honecker, communicated with counsel for Williams-Sonoma in efforts to have the Subpoena withdrawn or narrowed. Over the course of multiple communications, including telephonic, Plaintiff's counsel attempted to resolve the issues presented by the Subpoena and thereby obviate the need for this Motion. However, no resolution was reached, necessitating the filing of this motion.

## BACKGROUND

This motion to quash stems from a subpoena duces tecum that Williams-Sonoma issued to Capital One in *Rushing v. Williams-Sonoma, Inc.*, No. 3:16-cv-01421-WHO, a putative class action lawsuit pending in the Northern District of California.

### A.     The Scope of the California Case

The underlying Northern District of California litigation centers on the issue of truth in advertising—specifically, the advertising and labeling of thread count amounts for eight specific lines of Williams-Sonoma bedding products. On February 10, 2015, Mr. Rushing purchased sheets and pillowcases from Williams-Sonoma's "Signature 600-Thread-Count Sateen Bedding," which by its name purported to have a 600-thread-count. However, as he later learned, the bedding's true

thread count was half the amount advertised—less than 300. Mr. Rushing alleges that Defendants inflated the thread counts (and prices) for the bedding he purchased as well as seven other lines of bedding. On January 29, 2016, Mr. Rushing filed his lawsuit against Williams-Sonoma. The operative complaint alleges claims under California's trio of consumer protection statutes and for unjust enrichment on behalf of himself and a class of similarly situated purchasers (the putative class).[3] Plaintiff's Motion for Class Certification is due to the Court in the Northern District of California on January 12, 2018.

At its core, this case is about whether Williams-Sonoma's marketing, advertising, and labeling of its bedding products are likely to deceive a reasonable consumer by containing thread count claims that are double the amount determined by the ASTM standard calculation method; whether Williams-Sonoma actively concealed the truth about its thread counts; whether Williams-Sonoma had exclusive knowledge of material facts about its thread counts, affirmatively misrepresented the facts, or engaged in misleading and deceptive advertising; or whether Williams-Sonoma was unjustly enriched at Mr. Rushing's and the putative class members' expense from their purchase any of any Williams-Sonoma's eight lines of bedding at issue.

### B.    Williams-Sonoma's Subpoena to Capital One

On October 16, 2017, Defendants simultaneously mailed the Subpoena to both Plaintiff's Counsel and Capital One. The Subpoena demanded that Capital One's production be made at

---

[3] California's trio of consumer protection statutes refers to its Consumer Legal Remedies Act (California Civil Code § 1750, *et seq.*), Unfair Competition Law (California Business and Professions Code § 17200, *et seq.*), and False Advertising Law (California Business and Professions Code § 17500, *et seq.*).

Defense Counsel's office in the District of Columbia by October 31, 2017.[4]  Despite the fact that Mr. Rushing's individual claims relate to a single purchase of Williams-Sonoma bedding on February 10, 2015, which also appears in Williams-Sonoma's own records, Williams-Sonoma subpoenaed Capital One to produce banking statements related to Mr. Rushing for four (4) years before his purchase and another three (3) years after his purchase.  Indeed, the Subpoena seeks all billing records for any Capital One credit or debit card associated with William Rushing from February 1, 2011 to the present—a period of almost seven (7) years.  *See* Eck Decl., Ex. 1. The Subpoena's second request seeks documents "sufficient to identify the accounts used to pay any bills associated with purchases made in February of 2015 by" Mr. Rushing with a particular credit card.  *Id.*  Neither request is limited to purchases from Williams-Sonoma nor contains any other limitation.  In fact, the first request specifically states that it is "without limitation."  *Id.*   As discussed further below, the Subpoena's requested categories of documents are vastly overbroad and mainly seek documents irrelevant to the claims or defenses in this action.[5]

### C.    Mr. Rushing Already Produced the Banking Statements Reflecting His Williams-Sonoma Bedding Purchase at Issue

While meeting and conferring with Defendants, Mr. Rushing agreed to produce, and did produce, the only two Capital One bank statements relevant to this case–the two statements that reflect Mr. Rushing's purchase of bedding from Williams-Sonoma.[6]  Mr. Rushing also produced

---

[4] Under Federal Rule of Civil Procedure 6, the actual production deadline would be November 3, 2017, because, due to the method of service being by mail, the period would be extended three days per Rule 6(d).

[5] Plaintiff does not challenge Williams-Sonoma's third category of documents, which seeks card holder agreements. *See* Eck Decl., Ex 1.

[6] Although ordered in one transaction, Williams-Sonoma charged and shipped the pillowcases before charging and shipping the rest of the bedding purchased, which is why the transaction appears on two credit card statements.

two Whitaker Bank checking account statements showing the payment of the two credit card bills

in full, which satisfies the Subpoena's second request.   These documents, Bates numbered

RUSHING000726-731, were produced to Williams-Sonoma on October 29, 2017.[7]

### D.   Mr. Rushing Formally Objected to the Subpoena

On October 30, 2017, Mr. Rushing served a formal objection to the Subpoena (the

"Objection").  *See* Eck Decl., Ex. 2.   Mr. Rushing objected to the Subpoena on the following

grounds, *inter alia:*

1. it violates Federal Rule of Civil Procedure 45(c)(l), which requires that parties and attorneys responsible for issuing and serving subpoenas "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(l). The Subpoena imposes undue burden and expense on Mr. Rushing for the reasons set forth herein;

2. it is unnecessarily cumulative or duplicative because it seeks documents that are equally available to, and/or have already been produced by Mr. Rushing in this litigation;

3. it seeks confidential or personal or financial information protected by Mr. Rushing's right to privacy;

4. it violates Mr. Rushing's Constitutional right to privacy;

5. it seeks documents that are not relevant to the subject matter of the action because the requested documents are not limited to the relevant claims or defenses in the action;

6. it seeks financial information concerning individuals who are not parties to the litigation; and

---

[7] Plaintiff redacted certain personal, private information, not relevant to the claims or defenses in this case, such as other purchases, credit limit, available credit, etcetera.  However, in meeting and conferring with Williams-Sonoma's counsel about their objections to the Subpoena and their request to withdraw it without having to file this motion, Mr. Rushing's counsel stated that they were willing to continue to meet and confer with Williams-Sonoma's counsel about the possibility of producing other unredacted information if Defendants would withdrawal their Subpoena or delay Capital One's production deadline.  Defendants rejected Plaintiff's offer.

       7.  it is overbroad and unlimited in scope and time.

*Id.*  The Objection also provided notice to Capital One that Mr. Rushing was meeting and conferring with Williams-Sonoma's counsel to attempt to reach a mutually agreeable scope of documents to be produced.  *See* Eck Decl. Ex. 2.  It also advised that if the parties were unable to reach an agreement that Mr. Rushing would seek an order from the court quashing the Subpoena. The Objection further requested Capital One refrain from producing documents until it received written confirmation that the parties reached an agreement as to the scope of production to be made or by court order.  *Id.*

      The following day, Plaintiff served an Amended Opposition, adding an objection that the Subpoena did not comply with Rule 45(a)(4)'s requirement that Mr. Rushing receive notice of the subpoena before serving the subpoena. *See* Eck Decl., Ex. 3. Capital One has advised Plaintiff's Counsel that it is holding the documents until the Court can rule on Plaintiff's Objections.

## ARGUMENT

### I.    Legal Standard

      Like other modes of discovery, subpoenas duces tecum are limited to the scope set forth in Rule 26(b)(1). Advisory Committee Notes to Fed. R. Civ. P. 45, 1970 Amendments ("The changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). "Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case."  Advisory Committee Notes to Fed. R. Civ. P. 26(b)(1), 2015 Amendments.  No longer is it enough that the discovery requested may be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*  If a subpoena seeks information outside the scope of permissible discovery, the Court has authority to quash or modify it to protect a party. Fed. R. Civ. P. 45(c)(3), 26(c); *see*, *e.g.*, *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21–25 (D.D.C. 2005), *on*

*reconsideration*, 232 F.R.D. 6 (D.D.C. 2005) (modifying discovery requests directed to third-parties based on Rule 26's definition of relevance at that time).

## II.     The Subpoena to Capital One Should be Quashed

### A.     Mr. Rushing Has Standing to Challenge the Subpoena

A party has standing to quash a subpoena issued to a non-party if it "may violate or undermine a personal right or privilege of the objecting party." *Del Campo v. Mealing*, No. 01-21151, 2011 WL 1036465 (N.D. Cal. Feb. 15, 2011); *accord Washington*, 230 F.R.D. at 21 (a party has "standing to challenge a subpoena issued to a third party [where the party has] a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter").

Here, Mr. Rushing has a personal right in protecting from discovery years of his and his company's banking records that, as discussed below, are irrelevant to any claim or defense in this action. "[C]ourts generally hold that a party has a personal right or stake where the subpoena seeks personal information such as the party's bank records and the party has grounds to object to the relevancy of the records." *1st Technology LLC v. Rational Enterprises Ltd.*, 2007 U.S. Dist. LEXIS 98051, 2007 WL 5596692 (D. Nev. 2007).[8] Accordingly, Mr. Rushing has standing to challenge the Subpoena.

_____

[8] *See, e.g.*, *Schmulovich v. 1161 Rt. 9 LLC*, No. CIV. 07-597, 2007 WL 2362598, at *2-3 (D.N.J. Aug. 15, 2007) (finding that the defendants had personal rights concerning their bank account records to convey standing to move to quash a subpoena that sought bank account records); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (defendant had "a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas"); *Catskill Development, LLC v. Park Place Entertainment Corp.*, 206 FRD 78, 93 (S.D.N.Y. 2002) (a party whose bank records are subpoenaed has standing to oppose the subpoena); *Doe v. City of San Diego*, No. 12–cv–0689, 2013 WL 2338713, at *2 (S.D. Cal. May 28, 2013) ("Plaintiff has asserted a privacy interest in the records sought by [Defendant's] subpoena. Accordingly, the Court concludes that Plaintiff has standing to move to quash the subpoena.").

### B.     The Subpoena is Overbroad as to Time and Primarily Seeks Irrelevant Information

Williams-Sonoma is entitled to verify that Mr. Rushing has standing to bring the underlying action and thus whether he purchased sheets from Williams-Sonoma.  However, most of the discovery sought by the Subpoena is not relevant to these issues at all and instead seeks to discover all of Mr. Rushing's, his wife's, and his company's purchases on any Capital One credit cards for nearly seven years, which is not at all germane to Mr. Rushing's claims or Williams-Sonoma's defenses. Mr. Rushing's purchase of the bedding at issue was made on or before February 10, 2015, and, thus, any subpoena request for banking records outside the immediate time-period surrounding February 2015, is grossly overbroad. *See In re Milholland*, No. AP 14-01589, 2017 WL 895752, at \*5 (10th Cir. Mar. 7, 2017) (quashing subpoena requests for bank statements overbroad in time and scope).

Additionally, even the Subpoena's second request, which seeks documents "sufficient to identify the accounts used to pay any bills associated with purchases made in February of 2015 by" Mr. Rushing with a particular credit card is overbroad.  While it is limited in time, it is not limited to purchases from Williams-Sonoma or to any particular bills, as it seeks information about how Mr. Rushing paid "any bills" for any purchases he made that month.  Other than the Williams-Sonoma bedding purchase, information about the accounts he may have used to pay for other purchases has no relevance to any claim or defense in this action. Moreover, Mr. Rushing already produced redacted versions of his checking account statements that show the payments for the credit card bills that contained his Williams-Sonoma purchase, which should be sufficient to satisfy this request.

In fact, the only remotely relevant discovery sought through this unduly burdensome non-party subpoena involves documents that Mr. Rushing already agreed to, and did, produce. None of the other documents requested are targeted to discover evidence that is relevant to Mr. Rushing's claims or Williams-Sonoma's purported defense that Mr. Rushing does not having standing

because he did not purchase the product at issue. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (quashing defendant's subpoena for bank records that exceeded the scope of litigation). Nevertheless, in hopes that Defendants will find something to use against Mr. Rushing at class certification, Williams-Sonoma subpoenaed nearly seven years of irrelevant credit card statements in an action involving a one-time purchase from Defendants—and, that Williams-Sonoma's own records confirm. Williams-Sonoma has failed to articulate what it is looking for, or what it hopes to find, other than Mr. Rushing's "shopping habits." Such requests are the quintessential definition of a "fishing expedition." And, as the U.S. Supreme Court has made clear, fishing through years of banking records for a potential defense is not permitted. *See Cuomo*, 557 U.S. at 531, 129 S. Ct. at 2719. In *Cuomo*, the Court explained that: "Judges are trusted to ***prevent 'fishing expeditions' or an undirected rummaging through bank books and records*** for evidence of some unknown wrongdoing." *Id.* (emphasis added). It is against that same type of rummaging that Mr. Rushing seeks protection from this Court.

Williams-Sonoma's Subpoena is overbroad, unduly burdensome, unlikely to discover any evidence relevant to the case, and should be denied. Accordingly, Plaintiff requests the Court quash the Subpoena.

### C.      The Subpoena was Premature

Moreover, if Defendants were seeking specific information related to one of the claims or defenses in this case, they should have requested that information from Mr. Rushing directly before going to a third-party. Besides the bank records Mr. Rushing produced, none of the requested bank records from Capital One were included in Defendants' prior document requests to Mr. Rushing. A subpoena duces tecum to a third-party under such circumstances is generally considered premature and improper. *See, e.g., Soto v. Castlerock Farming & Transp., Inc.,* 1:09-CV-00701, 2011 WL 2680839, at *9 (E.D. Cal. July 8, 2011). Additionally, by subpoenaing a third-party, Defendants prevented Mr. Rushing from taking the issue to court presiding over the underlying case for a ruling.

9

**D.      Williams-Sonoma's Subpoena Seeks Discovery of Information That Is Already Known to Williams-Sonoma**

Williams-Sonoma already knows from their own documents and from the documents produced by Mr. Rushing that Mr. Rushing purchased the Williams-Sonoma bedding at issue. Snooping through nearly seven years of financial records and compelling Capital One, a nonparty, to search for documents on matters already known to Williams-Sonoma is clearly "unduly burdensome" and disproportionate to the needs of the case, making it outside of the proper scope of discovery.  Fed. R. Civ. P. 26(b)(1).

**E.      The Subpoena Is Deficient Under Fed. R. Civ. P. 45(a)(4) Because it Was Not Served on Mr. Rushing Before It was Served on Capital One**

Federal Rule of Civil Procedure 45(a)(4) requires that "***before [a subpoena] is served*** on the person to whom it is directed, *a notice and a copy of the subpoena must be served on each party*." Fed. R. Civ. P. 45(a)(4) (emphasis added). As the 1991 Advisory Committee notes explain, "[t]he *purpose* of such [prior] notice is to *afford other parties an opportunity to object to the production* or inspection, or to serve a demand for additional documents or things."  Advisory Committee Note to Fed. R. Civ. P. 45(a)(4), 1991 Amendment (emphasis added). Likewise, the 2013 Advisory Committee notes again stresses that Rule 45(a)(4) require parties to provide notice of the subpoena *before* issuing a subpoena, and is "*intended to achieve the original purpose of enabling the other parties to object* or to serve a subpoena for additional materials. Advisory Committee Note to Fed. R. Civ. P. 45(a)(4), 2013 Amendment (emphasis added).

For example, in *Solais v. Vesuvio's II Pizza & Grill, Inc*., No. 1:15-cv-227, 2015 U.S. Dist. LEXIS 140798, at *44-45 (M.D.N.C. Oct. 16, 2015), the defendant served a nonparty subpoena, but failed to serve it on the plaintiff beforehand.  The court quashed the subpoena for failure to comply with Rule 45(a)(4)'s prior notice requirement, and ordered the return or destruction of all documents already produced by the third party. *Id.* The Court reasoned, "*[b]ecause Defendants failed to comply with Rule 45(a)(4)'s prior notice requirement, the Court will quash the nonparty subpoenas*." *Id*. at *44 (citing *FDIC v. Kaplan*, No. 8:14-cv-2484, 2015 U.S. Dist. LEXIS 104517,

10

at *7 (M.D. Fl. Aug. 10, 2015) ("Because [p]laintiff failed to provide prior notice of the Subpoena, as required by Rule 45(a)(4), the Subpoena is ***void and unenforceable***.")) (emphasis added); *Martinez v. Target Corp.*, 278 F.R.D. 452, 453 (D. Minn. 2011) (rejecting argument that plaintiff was not prejudiced by defendant's failure to comply with Rule 45(a)(4), explaining that "[t]he prejudice to [plaintiff] is anticipated by the existence of Rule 45[(a)(4)]. Therefore, it is proper to quash the subpoena."); *Murphy v. Board of Educ.*, 196 F.R.D. 220, 221–22 (W.D.N.Y. 2000) (explaining that, because counsel failed to comply with Rule 45(a)(4), "the [c]ourt quashed all of the twelve offending subpoenas and directed counsel to immediately turn over all of the documents that had been provided in response to the subpoenas").

Here, Williams-Sonoma violated Rule 45(a)(4) because it did not serve the Capital One Subpoena on Mr. Rushing ***before*** it served Capital One.  In fact, Williams Sonoma served Mr. Rushing the ***same day*** as Capital One was served (by mail), and emailed Mr. Rushing a courtesy copy the day ***after*** it served Capital One.  William-Sonoma's notice of the Subpoena, thus, is deficient because Williams-Sonoma's notice to Mr. Rushing must have been sent ***prior*** to Williams-Sonoma's service of the Subpoena to Capital One.  *See, e.g.*, *Deuss v. Siso*, No. 14-CV-00710, 2014 WL 4275715, at *4–5 (N.D. Cal. Aug. 29, 2014) ("Mailing a copy of the subpoena . . . even at the same time as such service [to the third party], is not 'service' 'before' on each party . . . ."); *see also Mirra v. Jordan*, No. 13-cv-5510, 2014 WL 2511020, at*3–4 (S.D.N.Y. May 28, 2014) (finding Fed. R. Civ. P. 45(a)(4) requires "notice and copy of the subpoena" to be concurrently served on each party prior to service to third party).  As the subpoena was served in violation of the Federal Rules it should be quashed.

### III.  Alternatively, the Subpoena Should be Modified to Comply with Rule 26

Alternatively, Mr. Rushing is entitled to the entry of a protective order under Rule 26(c).  Fed. R. Civ. P. 26(c); *see, e.g.*, *Washington*, 230 F.R.D. at 21 (parties filed both a motion to quash and for a protective order regarding third-party subpoena, and court explained that it "need not address the standing issue for quashing a Rule 45 subpoena. Instead, the court [would] analyze this

motion according to the standards applicable to Rule 26" for the protective order). Like a motion to quash, protective orders may completely forbid the requested discovery, Fed. R. Civ. P. 26(c)(1)(A), or the court may use a protective order to modify the requested discovery's terms, method, and/or scope to "protect a party or person from annoyance, embarrassment, oppression . . . ." Fed. R. Civ. P. 26(c)(1), 26(c)(1)(B)-(H).   For example, a court may narrow the time scope of a subpoena to limit it to only relevant information under Rule 26(b)(1). *See, e.g.*, *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, 16-MC-212, 2016 WL 3685224, at *5 (D. Kan. July 12, 2016) (narrowing the time frame of subpoena where proposed period was overbroad).

Mr. Rushing has produced the only banking records that relate to the claims or defenses in this case—those at the time of his purchase in early 2015.  The Subpoena's request for six more years of banking records is improper, as it is overbroad and seeks information outside the scope of discovery because it is not related to any claim or defense in the action. *In re Milholland*, No. 14-01589, 2017 WL 895752, at *5 (10th Cir. Mar. 7, 2017) (quashing subpoena requests for bank statements overbroad in time).  Indeed, Williams-Sonoma placed no qualifiers or limitations on which records it seeks from Capital One other than that they must be somehow associated with Mr. Rushing and fall within its lengthy time window.   Such a broad, sweeping request will certainly result in the production of mostly irrelevant documents.

In the event the Court declines to quash the Subpoena in its entirety, Mr. Rushing respectfully requests that the Court grant him a protective order that modifies the Subpoena to only banking statements from February 1 through April 30, 2015 that reflect a Williams-Sonoma purchase, and grant Mr. Rushing permission to redact any transactions on such statements that do not reflect a Williams-Sonoma purchase or payment for such purchase.

## REQUEST FOR ATTORNEYS' FEES

The Court should quash the Subpoena for the reasons set forth above. Mr. Rushing also requests that the Court order reimbursement of reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 45(d)(1), as he attempted to resolve this issue with Defendants without involving the Court.

## CONCLUSION

Williams-Sonoma's Subpoena to Capital One is vastly overbroad, calls for production of years of personal and private information not relevant to the claims and defenses in this lawsuit, and is being used as a tool for harassment and disruption, and, therefore, should be quashed. In the alternative, the Court should issue a protective order limiting the scope of the Subpoena to the two Capital One credit card statements showing Mr. Rushing's purchase of Williams-Sonoma sheets and corresponding checking account statements, which Mr. Rushing has already produced.

Respectfully submitted,

Dated: November 1, 2017

PATRICK MALONE & ASSOCIATES, P.C.

PATRICK A. MALONE
D.C. Bar No. 397142
1310 L Street, NW, Suite 800
Washington, DC 20005
Telephone:  (202) 742-1500
Fax:  (202) 742-1515
Email: pmalone@patrickmalonelaw.com

HAEGGQUIST & ECK, LLP
AMBER L. ECK (*pro hac vice to be filed*)
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: (619) 342-8000
Email: ambere@haelaw.com

ROSE LAW GROUP, PC
KATHRYN HONECKER (*pro hac vice to be filed*)
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ  85251
Telephone: (480) 505-3936
Email:  khonecker@roselawgroup.com
         docket@roselawgroup.com

BAKER LAW, PC
GEORGE RICHARD BAKER
(*pro hac vice to be filed)*
436 N. Stanley Avenue
Los Angeles, CA  90036
Telephone: (323) 452-9685
Email: richard@bakerlawpc.com

*Attorneys for Plaintiff William Rushing*